UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILEY J. BREAUX JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-3368** |
| **24th JUDICIAL COURT, PARISH OF JEFFERSON** | **SECTION "R" (4)** |

## ORDER AND REASONS

The plaintiff, Wiley J. Breaux Jr., a **Motion to Amend Complaint (Rec. Doc. No. 4)** seeking to amend his complaint to add as a defendant the Jefferson Parish Sheriff's Office, to change his address, and to provide a date of conviction.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957).

Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). However, leave to amend is by no means automatic. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981).

The decision to grant or deny a motion for leave to amend lies within the sound discretion of the Trial Court. *Addington*, 650 F.2d at 666.

In exercising its discretion, the Trial Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

In the instant case, the plaintiff first seeks leave to amend the complaint to add as a defendant the Jefferson Parish Sheriff's Office. In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether the Jefferson Parish Sheriff's Office can be sued.[1]

Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. In Louisiana, however, a parish sheriff's office is not a legal entity capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988).

The State of Louisiana grants no such legal status to any Parish Sheriff's Office. *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So.2d 236 (La. App. 3d Cir.), *writ refused*, 352 So.2d 235 (La. 1977). Thus, the Jefferson Parish Sheriff's Office is not a juridical person capable of being sued under § 1983. For this reason, plaintiff's proposed amendment would be futile.

---

[1] Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* FED. R. CIV. P. 17(b).

With respect to the plaintiff's address, there is no need to amend the complaint. The plaintiff need only notify the clerk of court of his current address to be in compliance with the requirement that he keep the court apprised of his current address. *See* L.R. 11.1E; L.R. 41.3.1E. In fact, the clerk of court has updated Breaux's address based on the submission of this motion which provided the new address. Amendment of the complaint is not necessary nor required in the interest of justice.

Finally, the plaintiff seeks to amend the complaint to provide a date of conviction. In the original complaint, Breaux indicated that he had no date of conviction.[2] In the proposed amended complaint, he indicates that he was convicted on June 14, 2007. The date of conviction is not relevant to the factual basis of the complaint or the claims against the defendants, nor does it affect the court's jurisdiction. The interest of justice does not require that the complaint be amended for the sole purpose of clarifying that the plaintiff was convicted after the filing of the original complaint. The burden on the court to serve and the defendants to answer an amended complaint which does nothing more than clarify that fact would be unnecessarily burdensome. The interest of justice does not dictate that the complaint be amended. Accordingly,

**IT IS ORDERED** that the plaintiff's **Motion to Amend Complaint (Rec. Doc. No. 4)** is **DENIED**.

New Orleans, Louisiana, this __22nd__ day of _____August_____, 2007.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Rec. Doc. No. 1.

3